IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 9 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00782-BNB

JERRY MASKE,

      Plaintiff,

v.

CITY OF AURORA,

      Defendant.

---

## ORDER DISMISSING ACTION

---

      Plaintiff, Jerry Maske, currently resides in Aurora, Colorado.  Mr. Maske, acting *pro se*, submitted a Complaint to the Court on March 28, 2011.  For the reasons discussed below, the Court will dismiss the action.

      The Court has permanently enjoined Mr. Maske from filing any *pro se* civil actions without first obtaining leave of the Court to proceed *pro se*.  *See Maske v. IBM*, No. 09-cv-01805-ZLW, Doc. No. 5 (D. Colo. Nov. 5, 2009).  To obtain permission to proceed *pro se*, Mr. Maske must submit (1) a petition requesting leave to file a *pro se* action; (2) a list of all lawsuits currently pending or filed with this Court; (3) a list of all outstanding injunctions or orders limiting Mr. Maske's access to this court; and (4) a notarized affidavit that includes certain information.  *See Maske v. Aurora Animal Care, et al.*, No. 09-cv-02751-ZLW, Doc. No. 2 (D. Colo. Nov. 24, 2009).  The affidavit must include (1) a statement of the issues Mr. Maske seeks to present, including a short discussion of the legal issues; (2) a certification that the legal arguments are not

frivolous or repetitive of legal arguments previously presented to the Court and that they are warranted by existing law or a good-faith argument for extension, modification, or reversal of existing law; and (3) a statement by Mr. Maske that he will comply with all federal and local rules of this Court. *Id.*

In submitting this action, Mr. Maske has failed to comply with the filing requirements set forth in Case Nos. 09-cv-01805-ZLW and 09-cv-02751-ZLW. The Court warned Mr. Maske that it would impose monetary sanctions if he continued to file pleadings that do not comply with his sanctions. *See Maske v. Estrada, et al.*, No. 10-cv-00619-ZLW (D. Colo. Mar. 17, 2010); *Maske v. Chappell, et al.*, No. 10-cv-00618-ZLW (D. Colo. Mar. 17, 2010); *Maske v. Estrada, et al.*, No. 10-cv-00617-ZLW (D. Colo. Mar. 17, 2010); and *Maske v. Murphy, et al.*, No. 10-cv-00616-ZLW (D. Colo. Mar. 17, 2010).

Individuals, acting *pro se*, must comply with Fed. R. Civ. P.11, the same as an attorney. *Business Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 544-45 (1991) (explaining that Rule 11 applies both to parties who are represented by counsel and to *pro se* parties as well); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir.1996) (same); *Eisenberg v. University of N.M.*, 936 F.2d 1131, 1134 (10th Cir.1991) (same). Mr. Maske's *pro se* status does not prohibit the Court from imposing sanctions. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (plaintiff's status as a *pro se* litigant does not prevent the court from imposing sanctions) (citing *Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

By signing a complaint a plaintiff attests that If a *pro se* party signs a pleading in violation of Rule 11 a court "may . . . impose an appropriate sanction" upon that party. *See* Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp.1989)).

Based on Mr. Maske's continuing litigation abuse, the Court finds that a monetary sanction is appropriate. An appropriate sanction "should be the least severe sanction adequate to deter and punish the plaintiff. *See White*, 908 F.2d at 684 (citing *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 195-96 (3d Cir. 1988); *Cabell v. Petty*, 810 F.2d 463, 466-67 (4th Cir. 1987). To determine an appropriate monetary sanction the Court will consider Mr. Maske's filing history, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and the risk of chilling the type of litigation involved. *See White*, 908 F.2d at 685 (citation omitted).

Here, Mr. Maske has filed eighty-eight cases in this Court over the past two years. At least forty-seven cases were filed prior to the Court imposing a permanent sanction against Mr. Maske. These cases were dismissed either pursuant to Fed. R. Civ. P. 8 or 12(h)(3) or 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Maske, however, continued to file actions after the sanction was imposed that do not comply with Rule 8 or with his filing restrictions. Mr. Maske also has continued to file letters in each of the dismissed cases. In the letters he either apologizes for his actions, makes disparaging remarks

3

about the overseeing judge or the Court, or threatens the Court that he intends to file criminal charges. Mr. Maske did in fact file two criminal actions pursuant to 18 U.S.C. § 242, in one of which he named Senior Judge Zita Leeson Weinshienk as a defendant. The Court found that, not only did Mr. Maske lack standing to initiate a criminal action, he also could not attempt to circumvent or challenge his filing restrictions by initiating a criminal complaint. *See Maske v. Judge Zita L. Weinshienk*, No. 11-mc-00004-LTB (D. Colo. Jan. 21, 2011) (unpublished); *Maske v. No Defendants Named*, No. 11-mc-00003-LTB (D. Colo. Jan. 21, 2011) (unpublished).

Mr. Maske's actions demonstrate that he does not intend to comply with the Court's filing restrictions, which is shown by his most recent filing of seven actions that fail to comply with Rule 8 or his filing restrictions. His actions, therefore, are malicious and severe in that they infringe on the Court's limited judicial resources. The Court further finds that additional sanctions will not have a chilling effect on the litigation Mr. Maske presents to the Court because his claims either lack subject matter jurisdiction, are frivolous, or fail to comply with Rule 8.

Finally, the Court considers Mr. Maske's ability to pay a monetary sanction. *White*, 908 F.2d at 685. Mr. Maske has provided a financial statement in support of his request to proceed pursuant to 28 U.S.C. § 1915. Mr. Maske asserts that he has a monthly income of $1979.00. Although Mr. Maske indicates in his financial statement that his expenses are greater than his income, the Court notes he has had sufficient funds to pay for notary services, postage costs, and miscellaneous expenses in all of the eighty-eight cases he has filed in this Court. The Court further notes that in the first six cases, Case Nos. 09-cv-00580 through 585, that Mr. Maske filed in this Court he paid the $350.00 filing fee, a total of $2100.00.

4

Based on the above findings, the Court will assess a $350.00 sanction for each of the seven new cases Mr. Maske has filed, which is a total of $2450.00. The amount of the monetary sanction appears to be the least severe sanction adequate to deter and punish Mr. Maske, while considering his ability to pay a monetary sanction. For ease of administration, Mr. Maske will be directed to pay the $2450.00 in Case No. 11-cv-00781. Mr. Maske will be subject to both the filing restrictions set forth in Case Nos. 09-cv-01805-ZLW and No. 09-cv-02751-ZLW, as well as the monetary sanction set forth in this Order. Until Mr. Maske has paid the $2450.00 in full he is prohibited from filing cases in this Court and the Clerk of the Court is instructed to accept no more filings from Mr. Maske until proof that all monetary sanctions have been paid in full is provided to the Clerk of the Court. *See Gass v. United States*, 4 F. App'x 565, 568 (10th Cir. 2001) (unpublished) (prohibiting appellants from filing any further complaints in district court until monetary sanctions are paid) (citing *VanSickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986)). Mr. Maske is reminded that, even though he pays the $2450.00, he remains subject to the filing restrictions set forth in Case Nos. 09-cv-01805-ZLW and No. 09-cv-02751-ZLW. Accordingly, it is

ORDERED that the action is dismissed without prejudice because Mr. Maske has failed to comply with the order permanently enjoining him from filing any *pro se* civil actions without first obtaining leave of the Court to proceed *pro se*.

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915, ECF 2, is denied as moot.

DATED at Denver, Colorado, this __19th__ day of ___April_____, 2011.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv00782-BNB

Jerry Maske
2705 S Danube Way, Unit 101
Aurora, CO 80013

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 19, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk